Filed 10/15/21  P. v. Paguada CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305782 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA019025) |
| v. | |
| MARVIN NAHUN PAGUADA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Marvin Nahun Paguada appeals the trial court's denial of his postjudgment request for a *Franklin* proceeding. The prosecution agrees this proceeding was due. We reverse and remand for the requested proceeding. Statutory references are to the Penal Code.

In 1994, Paguada pleaded guilty to two kidnapping counts (§ 209, subds. (a) & (b)) and admitted two firearm enhancements (§ 12022.5, subd. (a)). The trial court sentenced Paguada to two terms of life with the possibility of parole, plus consecutive four-year terms for the enhancements.

Paguada was 21 years old when he committed the crimes. He claimed he "drank an unusual amount of alcohol" and was on drugs at the time. He had been using cocaine and speed daily.

The probation report shows Paguada had no criminal history. It characterizes Paguada and his cohorts as "very unsophisticated and immature." A detective described them as "the dumbest criminals he has ever faced" and opined the crimes were "a reaction against overly strict and sheltered upbringings." Another officer said, "their boldness and stupidity [were] almost unbelievable."

In January 2020, Paguada, representing himself, moved for a limited remand under section 1203.01. Paguada sought to make a record of youth-related evidence for an eventual youth offender parole hearing. His motion invoked *In re Cook* (2019) 7 Cal.5th 439 (*Cook*) and *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

In *Franklin, supra*, 63 Cal.4th at pages 269 and 284, the Supreme Court recognized the right of youth offenders described by section 3051 to make a record of mitigating evidence tied to youth for later use in a youth offender parole hearing. Section

2

3051 provides for such hearings, as well as parole eligibility, for youth offenders serving life terms or other lengthy sentences (with exceptions not applicable here) during their 15th, 20th, or 25th year of incarceration, depending on the sentence.

In *Cook*, *supra*, 7 Cal.5th at pages 451–459, the Court determined section 1203.01 provides the means for conducting an evidence preservation proceeding under *Franklin* for offenders with final convictions.

The trial court denied Paguada's motion the day he filed it, finding Paguada failed to state a prima facie case and had the opportunity to present evidence of his youth at his sentencing hearing. The basis for the latter finding is unknown, as there is no hearing transcript and nothing in the 1994 minute orders supports the finding.

Denying Paguada's motion was error.

The prosecution concedes the error. According to the prosecution, nothing indicates Paguada has had a parole hearing or "sufficient opportunity to present relevant youth offender information at a postconviction proceeding with the benefit of appointed counsel."

Following the Supreme Court's guidance in *Cook*, *supra*, 7 Cal.5th at pages 458–460, the self-represented Paguada filed a motion in the superior court under the original case number, citing section 1203.01 and *Cook*. Paguada represented he was 21 years old at the time of his crimes—well under the statutory age limit of 25 (see § 3051, subd. (b)(1)–(3))—yet no prior hearing addressed his youthfulness. Paguada's motion maintained he was entitled to make a record of information relevant to an eventual youth offender parole hearing and explicitly requested a "Franklin Hearing."

The 1994 sentencing hearing was no substitute for the requested *Franklin* proceeding.  (See *People v. Rodriguez* (2018) 4 Cal.5th 1123, 1131.)  Paguada is entitled to this proceeding.  (See *People v. Lipptrapp* (2021) 59 Cal.App.5th 886, 892 & 896 (*Lipptrapp*).)

As Paguada has spent more than 25 years in prison, the trial court should conduct the *Franklin* proceeding as soon as possible.  (See *Lipptrapp*, *supra*, 59 Cal.App.5th at p. 897.)

## DISPOSITION

We reverse the trial court's order and remand for a *Franklin* evidence preservation proceeding, with counsel appointed for Paguada.

WILEY, J.

We concur:

STRATTON, Acting P. J.

OHTA, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4